J-S06024-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KALEN DAVID BELL | : | |
| | : | |
| Appellant | : | No. 290 MDA 2015 |

Appeal from the Judgment of Sentence January 16, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000352-2014

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| KALEN DAVID BELL | : | |
| | : | |
| Appellant | : | No. 291 MDA 2015 |

Appeal from the Judgment of Sentence January 16, 2015
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0000360-2014

BEFORE:  PANELLA, J., MUNDY, J., and STEVENS, P.J.E.*

MEMORANDUM BY MUNDY, J.:                    **FILED FEBRUARY 09, 2016**

Appellant, Kalen David Bell, appeals from the January 16, 2015
aggregate judgment of sentence of 54 to 108 months' imprisonment,
imposed after Appellant was found guilty of two counts of possession with
intent to deliver (PWID), and one count each of intentional possession of a

*Former Justice specially assigned to the Superior Court.

controlled substance, possession of drug paraphernalia, possession of a small amount of marijuana, and resisting arrest.[1]  After careful review, we affirm.

The trial court made the following findings of fact concerning the issue involved in this case.

> 1.    Trooper Joseph Pericci, a ten[-]year veteran with the Pennsylvania State Police, was performing a saturation patrol[2] in Wilkes-Barre, Luzerne County, Pennsylvania on December 12, 2013 along with members of the Wilkes-Barre Police Department, Luzerne County District Attorney's Office, FBI, United States Marshalls, and the Luzerne County Sheriff's Department.
>
> 2.    Trooper Pericci was partnered with Detective Charles Balogh of the Luzerne County District Attorney's Office during the saturation patrol.
>
> 3.    The saturation patrol was scheduled to be conducted between the hours of 10:00 p.m. and 2:00 a.m.
>
> 4.    Trooper Pericci was in full uniform, and Det. Balogh and he were driving in a fully marked Pennsylvania State Police vehicle.
>
> 5.    Trooper Pericci noticed a green sedan with dark tinted windows abruptly cross two lanes of

---

[1] 35 P.S. § 780-113(a)(30), (a)(16), (a)(32), (a)(31), and 18 Pa.C.S.A. § 5104, respectively.

[2] Trooper Pericci described a saturation patrol as "a group of law enforcement agencies … that collectively [get] together [and drive] through Wilkes-Barre, [and] patrol[] the streets of Wilkes-Barre, looking for traffic violations and criminal activity."  N.T., 7/1/14, at 6.

traffic without using a turn signal and come to a stop on South Franklin Street in Wilkes-Barre.

6. Trooper Pericci pulled alongside the vehicle and initiated a traffic stop for [a] violation of the Motor Vehicle Code.

7. The driver, [Appellant], exited the vehicle and began walking at a very fast pace on South Franklin Street.

8. When [Appellant] exited the vehicle, he left the front driver's side door open.

9. Trooper Pericci detected a very strong odor of marijuana coming from the vehicle.

10. Trooper Pericci called out to [Appellant] and directed him to stop.

11. [Appellant] did not immediately stop but continued to walk in a direction away from the vehicle.

12. Ultimately, [Appellant] stopped and returned to the vehicle when Trooper Pericci detected an order [sic] of marijuana emanating from [Appellant].

13. [Appellant] was wearing a puffy white jacket, and Trooper Pericci observed a clear bag hanging out of the right front pocket of the jacket. Approximately one third (1/3) of the bag was hanging out of the pocket.

14. Trooper Pericci observed what he believed to be bags of heroin inside the aforementioned clear bag.

15. [Appellant] was arrested and taken into custody.

16. A search of [Appellant] incident to arrest revealed the presence of:
- 43 bags of heroin

- a clear plastic bag containing marijuana
- a larger plastic bag containing marijuana
- crack cocaine
- 3 cell phones
- $1,108.00 in cash

17.   [Appellant] had a suspended driver's license.

18.   The testimony of the Commonwealth's witness was credible.

Trial Court Opinion, 5/7/15, at 4-6.

On March 19, 2014, the Commonwealth filed an information at docket number CP-40-CR-352-2014, charging Appellant with one count each of PWID, intentional possession of a controlled substance, possession of drug paraphernalia, possession of a small amount of marijuana, and resisting arrest. The Commonwealth filed a second information at docket number CP-40-CR-360-2014 on March 17, 2014, charging Appellant with one count each of PWID and possession of a small amount of marijuana. Appellant filed a motion to suppress at docket number CP-40-CR-352-2014 on May 27, 2014, and a motion to suppress at docket number CP-40-CR-360-2014 on June 16, 2014. The trial court held one suppression hearing for both motions on July 1, 2014. On September 10, 2014, the trial court denied both motions. On October 30, 2014, the trial court held a consolidated bench trial, and thereafter found Appellant guilty of all charges. The trial court imposed an aggregate sentence of 54 to 108 months' imprisonment on January 16,

2015.[3] Appellant did not file any post-sentence motions. On February 4, 2015, Appellant filed timely notices of appeal.[4]

On appeal, Appellant raises the following issue for our review.[5]

> I.    Whether the honorable trial court erred when it concluded that [Trooper Pericci and Detective Balogh] possessed the requisite reasonable suspicion to conduct an investigative detention of [Appellant?]

Appellant's Brief at 4.

Appellant's sole argument on appeal is that the police lacked reasonable suspicion to seize Appellant after he had stopped his car, exited the vehicle, and began walking away. Appellant's Brief at 9. The Commonwealth counters that Appellant was constitutionally seized based in part of Appellant's violation of the Motor Vehicle Code. Commonwealth's Brief at 6.

---

[3] Specifically, at docket number CP-40-CR-352-2014, the trial court sentenced Appellant to 30 to 60 months' for PWID, 9 to 24 months' for resisting arrest, and no further penalty for the intentional possession and drug paraphernalia charges. At docket number CP-40-CR-360-2014, the trial court sentenced Appellant to 24 to 48 months for PWID and 15 to 30 days for possession of a small amount of marijuana. All sentences within each docket number were to run concurrently, but the aggregate sentences at each docket number were to run consecutively.

[4] Appellant and the trial court have complied with Pennsylvania Rule of Appellate Procedure 1925.

[5] Appellant has preserved a challenge to the sufficiency of the Commonwealth's evidence, but in his brief, Appellant withdraws this issue. Appellant's Brief at 4, 10.

We begin by noting our well-settled standard of review.

> We may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, we are bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. An appellate court, of course, is not bound by the suppression court's conclusions of law.

*Commonwealth v. Gary*, 91 A.3d 102, 106 (Pa. 2014) (citation omitted) .

> The Fourth Amendment of the Federal Constitution provides, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated …." U.S. Const. amend. IV. Likewise, Article I, Section 8 of the Pennsylvania Constitution states, "[t]he people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures …." Pa. Const. Art. I, § 8.
>
> *Commonwealth v. Carter*, 105 A.3d 765, 768 (Pa. Super. 2014) (*en banc*), *appeal denied*, 117 A.3d 295 (Pa. 2015).

*Commonwealth v. Williams*, 125 A.3d 425, 432 (Pa. Super. 2015). Our cases have recognized three levels of police-citizen interactions.

> The first is a mere encounter, which requires no level of suspicion at all. *Commonwealth v. Daniel*, 999 A.2d 590, 596 (Pa. Super. 2010). The second level is an investigative detention, which must be supported by reasonable suspicion. *Id.* at 596-597. Finally, the third level is an arrest or custodial detention, which must be supported by probable cause. *Id.* at 597.

*Commonwealth v. Walls*, 53 A.3d 889, 892-893 (Pa. Super. 2012).

In general, a traffic stop is constitutional where "[a] police officer … has **reasonable suspicion** that a violation of the vehicle code has taken place, for the purpose of obtaining necessary information to enforce the provisions of the code." ***Commonwealth v. Brown***, 64 A.3d 1101, 1105 (Pa. Super. 2013) (emphasis in original); ***accord*** 75 Pa.C.S.A. § 6308(b). However, our Supreme Court has held that where the Motor Vehicle Code violation is not investigable, Section 6308(b) does not apply and probable cause is required in order for the stop to be constitutional. ***Commonwealth v. Chase***, 960 A.2d 108, 115-116 (Pa. 2008). The parties appear to agree that probable cause is the appropriate standard in this case. Appellant's Brief at 8; Commonwealth's Brief at 6.

> In order for a non-investigable traffic stop to be constitutional, [t]he officer must be able to articulate specific facts possessed by him at the time of the questioned stop, which would provide probable cause to believe that the vehicle or the driver was in some violation of some provision of the Vehicle Code. Probable cause does not require certainty, but rather exists when criminality is one reasonable inference, not necessarily even the most likely inference.

***Commonwealth v. Enick***, 70 A.3d 843, 846 n.3 (Pa. Super. 2013) (internal quotation marks and citations omitted). Section 3334(a) of the Motor Vehicle Code provides that "no person shall … move from one traffic lane to another … unless and until the movement can be made with reasonable safety nor without giving an appropriate signal in the manner provided in this section." 75 Pa.C.S.A. § 3334(a).

In this case, Trooper Pericci testified that he was patrolling with Detective Balogh on the night of December 12, 2013. N.T., 7/1/14, at 6. Trooper Pericci was driving northbound on South Franklin Street in the driving lane, and he observed another vehicle in the passing lane. *Id.* at 8. This vehicle abruptly traveled across two lanes of traffic and parked on the side of the street, without using a turn signal. *Id.* at 9. Appellant exited the vehicle and "started walking north at a pretty fast pace on South Franklin Street." *Id.* at 9. Trooper Pericci backed up and parked his police car next to the vehicle, and observed that the driver's side door was left open. *Id.* at 10. Trooper Pericci then called to Appellant to stop. *Id.* at 11.

After careful review of the certified record, we conclude Appellant is not entitled to relief. As noted above, Trooper Pericci personally observed Appellant's vehicle drive across two lanes of traffic without signaling, in violation of Section 3334(a) of the Motor Vehicle Code. *Id.* at 9. In our view, this was sufficient evidence for Trooper Pericci to have probable cause that he just witnessed a violation of the Motor Vehicle Code. *See, e.g.*, *Commonwealth v. Feczko*, 10 A.3d 1285, 1291-1292 (Pa. Super. 2010) (*en banc*) (concluding probable cause existed where police officer's vehicle cam showed the defendant's vehicle cross over the white fog line, in violation of Section 3309(1) of the Motor Vehicle Code), *appeal denied*, 25 A.3d 327 (Pa. 2011). Therefore, Trooper Pericci was constitutionally permitted to stop Appellant, and as a part of the stop, summon Appellant

back to his vehicle. As a result, Appellant's Fourth Amendment rights were not violated, and the trial court correctly denied Appellant's motion to suppress.[6] ***See Gary***, ***supra***.

Based on the foregoing, we conclude Appellant's sole issue on appeal is devoid of merit. Accordingly, the trial court's January 16, 2015 judgment of sentence is affirmed.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/9/2016

---

[6] To the extent our legal reasoning differs from the trial court's, we note that as an appellate court, we may affirm on any legal basis supported by the certified record. ***Commonwealth v. Clemens***, 66 A.3d 373, 381 n.6 (Pa. Super. 2013) (citation omitted).